UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BENJAMIN CLAUDIO,

               Plaintiff,

   v.                                                           Case No. 20-cv-1168-pp

ADEBOLA IBIROGBA,
ALLISON BAHR, JAMIE SALINAS,
and PDCI/HSU

               Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT**

---

      Plaintiff Benjamin Claudio, an inmate at Prairie du Chien Correctional Institution who is representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983 by exhibiting deliberate indifference to his injured finger. Dkt. No. 1. This order resolves the plaintiff's motion to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b). Generally, once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 25, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $0.92 by September 15, 2020. Dkt. No. 8. The court received that fee on September 8, 2020. The court grants the plaintiff's motion for leave to proceed without prepaying the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the Prison Litigation Reform Act (PLRA), the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison,

2

668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.   Allegations in the Complaint

The plaintiff states that on May 24, 2019 at 10:45 a.m., he went for a checkup in the Health Services Unit (HSU) at Prairie du Chien Correctional Institution. Dkt. No. 1 at 2. The plaintiff says that during his checkup, he

3

complained about his left index finger being swollen and hurting and that he wasn't able to bend it. Id. The plaintiff says that defendant Nurse Bahr asked him what happened; he explained that a couple of days before being transferred to Prairie du Chien he had hurt the finger in a basketball game at Dodge Correctional Institution. Id. The plaintiff alleges that Bahr examined his finger without touching it and said it "was a jammed finger." Id. When the plaintiff requested an x-ray, he was denied, but when he asked for a splint, she—Nurse Bahr—gave him one. Id.

The plaintiff says that a couple of days later, he made another request to see someone due to pain in his finger. Id. at 3. The plaintiff alleges that "once again they told me it was jammed and that they won't take me to outside doctor or specialist to see what really was wrong with my finger." Id.

The plaintiff says he sent over five to six requests for an x-ray and MRI; finally, he got an x-ray on June 17, 2019. Id. He says that at the time, defendant Dr. Adebola Ibirogba told the plaintiff he would receive the results of his x-ray in one to two days. Id. The plaintiff states that he got the results on July 16, 2019, and then only because he put in a request for the results. Id. The plaintiff says that during the July 16, 2019 follow-up exam, Ibirogba informed the plaintiff that he broke his index finger and because of the length of time that had passed, his finger had healed wrong. Id. Ibirogba told him that his index finger was broken and had healed wrong "due to time." Id. The plaintiff says that Ibirogba gave him a tennis ball and told the plaintiff that he

4

had to "break the scar-tissue" himself with exercise. Id.

The plaintiff says that a couple of days later, he put in a request stating that using the ball "hurt like hell" and that he wanted an MRI to check for damage. Id. The plaintiff says the request was denied. Id.

The plaintiff indicates that he filed an ICE (inmate complaint examiner) request "on them" and was denied. Id. The plaintiff says that all of this happened at Prairie du Chien and that, as of the date he signed his complaint, nothing has changed. Id. The plaintiff states that he is still in pain and his finger still won't bend the correct way. Id. The plaintiff asserts that "they acknowledged my finger has to be broke [*sic*] again and still won't send me to a hand specialist." Id. The plaintiff says that this has been going on for over eight months; he says that the exact words from the nurse and doctor at Prairie du Chien were, "I won't take you to get MRI because its just a finger." Id. The plaintiff says that it was eight months so far with pain, scar tissue and not being able to bend his finger without causing pain. Id. He says that he is a roofer by trade. Id. at 4.

The plaintiff seeks $300,000 in damages. Id.

C.  Analysis

The plaintiff listed four defendants—Adebola Ibirogba, Allison Bahr, Jaime Salinas and PDCI/HSU. Id. at 1.

The plaintiff made no claims against Jamie Salinas in the body of the complaint; the only place in which he mentions Salinas is in the caption of the

5

case. The court will dismiss Salinas because the plaintiff has made no allegations against him.

The plaintiff also named PDCI/HSU—the Health Services Unit at Prairie du Chien. The Health Services Unit is a department inside a correctional institution, and the correctional institution is a part of the Wisconsin Department of Corrections. Section 1983 allows a plaintiff to sue a "person" who, acting under color of law, violates his constitutional rights. The Wisconsin Department of Corrections is not a person, nor is it a separate legal entity that can be sued under §1983. See Louis v. Milwaukee Cty. Jail, No. 17-cv-113-wed-pp, 2017 WL 3037567 at *2 (E.D. Wis. July 18, 2017) (citing Powell v. Cook Cty. Jail, 814 F. Supp. 757, 758 N.D. Ill. 1993)). The court will dismiss PDCI/HSU.

The plaintiff alleges that Bahr and Ibirogba improperly treated his injured finger. This claim falls within the Eighth Amendment prohibition against cruel and unusual punishment. A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she is deliberately indifferent "to serious medical needs of prisoners." Estelle v. Gamble, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating

6

treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" Roe v. Elyea, 631 F.3d 843 857 (7th Cir. 2011) (quoting Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. Gayton v. McCoy, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." Id. The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment." Stallings v. Liping Zhang, 607 F. Appx. 591, 593 (7th Cir. 2015) (quoting Pyles v. Fahim, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include situations in which a prison official fails to act or do anything to address the serious medical need. See Gayton, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include situations in which a prison official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. Gomez v. Randle, 680 F.3d 859, 865-66 (7th Cir. 2012).

7

At this stage, construing the plaintiff's claims liberally, the court assumes that a broken finger is an objectively serious medical need. See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) (finding that a broad range of medical conditions are sufficiently objectively serious, including a dislocated finger and broken bones). The plaintiff alleges that Bahr examined his finger without touching it and he implies that she denied his request for an x-ray. Dkt. No. 1 at 2. Bahr did, however, grant his request for a splint. Id. Bahr did not ignore the plaintiff's injury; she examined and treated him. The plaintiff disagrees with Bahr's decision to give him a splint; he believes she should have ordered an x-ray instead. But a "'mere disagreement with the course of [the inmate's] medical treatment [does not constitute] an Eighth Amendment claim of deliberate indifference.'" Snipes v. DeTella, 95 F.3d 586, 591 (7th Cir. 1996) (quoting Warren v. Fanning, 950 F.2d 1370, 1373 (8th Cir. 1991)). The court will dismiss Bahr because the plaintiff has not stated sufficient facts to indicate that she was deliberately indifferent to his injury.

The plaintiff next says that he went back to the HSU a couple of days later complaining of pain, but he does not state who examined him or what treatment (if any) he was provided. Dkt. No. 1 at 3. He states only that "they" would not take him to see an outside specialist. Id. At most, the plaintiff alleges disagreement with his treatment plan, which is not enough to state an Eighth Amendment claim against the medical staff. Also, a prison medical

staff's decision to refuse to send an inmate to an outside specialist does not rise to the level of deliberate indifference. See Pyles, 771 F.3d at 411 (prison medical staff are "not required to authorize a visit to a specialist in order to render constitutionally acceptable medical care. Like other medical decisions, the choice whether to refer a prisoner to a specialist involves the exercise of medical discretion.") The plaintiff fails to a state a claim against any John Doe medical staff.

The plaintiff does state sufficient facts to allege an Eighth Amendment claim against Ibirogba. The plaintiff alleges that Ibirogba ordered an x-ray, learned that the plaintiff's finger was broken and yet did nothing more than give him a tennis ball and tell him he had to break up the scar tissue himself through exercise. Dkt. No. 1 at 3. The plaintiff alleges that medical staff (although it is not clear whether it was Ibirogba specifically) told him that in order for his hand heal properly, his finger needed to be re-broken. The plaintiff further states that he is still in pain, and that for at least eight months, he received no additional treatment for his finger. The plaintiff has alleged sufficient facts to state an Eighth Amendment deliberate indifference claim against Ibirogba.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Allison Bahr, Jamie Salinas and

9

PDCI/HSU.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Dr. Ibirogba. Under the informal service agreement, the court **ORDERS** Ibirogba to file a responsive pleading to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$349.08** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff is transferred to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the institution where the plaintiff is confined.

The court will issue a separate order **REFERRING** this case to Magistrate Judge Stephen C. Dries for pretrial proceedings.

The court **ORDERS** that the parties may not begin discovery until after

the court issues a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

11

without further notice.

The court will include a guide titled "Answers to Prisoner Litigants' Common Questions," which contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 17th day of November, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**